# UNITED STATES COURT OF APPEALS

**Filed 6/3/96**

## TENTH CIRCUIT

---

JIMMY DALE HOLT,              )
                                            )
        Plaintiff-Appellant,       )
                                            )
       v.                         )        No. 95-2155
                                            )   (D.C. No. CIV-93-1522-JC)
CITY OF ALBUQUERQUE; R.J. JOHNSTON,)    (D. New Mexico)
Officer, A.P.D.; S.G. WHITE, Officer, A.P.D.; )
BOB STOVER, Chief of Police, A.P.D.;     )
MARTIN CHAVEZ, Mayor,          )
                                            )
        Defendants-Appellees.     )

---

## ORDER AND JUDGMENT[*]

---

Before **ANDERSON, BARRETT** and **LOGAN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Jimmy Dale Holt appeals the adverse judgment entered on his § 1983 claim following a bench trial. The pretrial order identified the three contested issues as whether (1) defendant R.J. Johnston used objectively reasonable force under the circumstances when arresting plaintiff, (2) defendant S.G. White violated plaintiff's constitutional rights, and (3) defendants Bob Stover and Martin Chavez failed to properly train defendants Johnston and White. After trial the district court made oral findings of fact and conclusions of law and entered judgment accordingly.

Plaintiff argues in his brief that the district court erred by (1) denying an extension of time from the scheduled trial date after refusing to appoint counsel, (2) failing to consider plaintiff's need for records and reports, evidently to establish his claim, (3) allowing the city attorney to "run all over him" as a pro se lay attorney, and (4) failing to follow constitutional amendments in deciding the case. We briefly address these issues even though plaintiff failed to properly preserve these claims at trial or in his appellate brief. See Fed. R. App. P. 28.

As to continuing the trial, plaintiff acknowledged he was "more or less ready" on the day of trial, and only needed copies of a few documents that defense counsel evidently provided. I R. Supp. 12, 41, 52. As to the remaining three issues, plaintiff does not identify the law or constitutional amendments the district court purportedly failed to apply, cite any specific instance when the city attorney capitalized on plaintiff's pro se

status, or denied a request for documents or records.  Likewise, the record did not reveal facts supporting the allegations.

We have considered the arguments in plaintiff's brief and examined the trial transcript submitted to the court by the parties.  After this review we are satisfied that the findings of fact are supported by the record and that the district court properly analyzed the issues and correctly applied the law.

AFFIRMED.

The mandate shall issue forthwith.

Entered for the Court

James K. Logan
Circuit Judge

3